Since, therefore, there was failure of proof to establish at least the above two elements as necessary links in determining an American selling price of the imported rubber boots different from that found by the appraiser, it logically follows that plaintiff's case is fatally defective.

A basic principle which applies in valuation cases is frequently stated by the courts to be that plaintiff, in order to succeed, must not only prove that the value found by the appraiser is incorrect, but must establish the correctness of its claimed value. *Brooks Paper Company* v. *United States*, 40 C. C. P. A. (Customs) 38, C. A. D. 495, and cases cited.

In the case at bar, it becomes unnecessary to determine whether or not the finding of value by the appraiser is correct, since the court is satisfied that there has been failure to establish any other or different value in accordance with legal requirements.

On the record herein, the court is constrained to find and hold that the value returned by the appraiser is the American selling price of the imported rubber boots, pursuant to said section 402 (g), as amended.

Judgment will issue accordingly.

(Reap. Dec. 8768)

Davies, Turner & Co. *v.* United States

Entry No. 726989.

(Decided March 21, 1957)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

Lawrence, Judge: The record indicates that at the call of the calendar there was no appearance on behalf of plaintiff when the above-enumerated appeal for a reappraisement was called for hearing, and the case was ordered submitted by the court.

Rule 5 (a) of the rules of the court provides that—

The submission for decision of any case shall be made in open court by the parties thereto or their attorneys, or by stipulation, or by written request to the court, or by the court on its own motion. Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it may be deemed submitted and may be decided by the court on the record as it appears therein.

Accordingly, I have examined the record in the appeal before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper values of the merchandise are the values returned by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 8769)

THE SPIEGEL BROS. CORP. v. UNITED STATES

Entry No. 704906–1/13.

(Decided March 21, 1957)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The record indicates that at the call of the calendar there was no appearance on behalf of plaintiff when the above-enumerated appeal for a reappraisement was called for hearing, and the case was ordered submitted by the court.

Rule 5 (a) of the rules of the court provides that—

The submission for decision of any case shall be made in open court by the parties thereto or their attorneys, or by stipulation, or by written request to the court, or by the court on its own motion. Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it may be deemed submitted and may be decided by the court on the record as it appears therein.

Accordingly, I have examined the record in the appeal before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper values of the merchandise are the values returned by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 8770)

J. J. BOLL v. UNITED STATES

Entry No. 978465.